IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VALERIE HOPPMAN,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, a foreign business
corporation,

    Defendant.

3:17-cv-00402-BR

OPINION AND ORDER

**CRAIG A. CRISPIN**
**ASHLEY A, MARTON**
Crispin Employment Lawyers
1834 S.W. 58th Ave., Suite 200
Portland, OR 97221
(503) 293-5770

    Attorneys for Plaintiff

**JAMES M. BARRETT**
**KELLY S. RIGGS**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
222 S.W. Columbia St., Suite 1500
Portland, OR 97201
(503) 552-2140

    Attorneys for Defendant

**BROWN, Senior Judge.**

    This matter comes before the Court on Defendant Liberty Mutual Insurance Company's Bill of Costs (#47). The Court

1 – OPINION AND ORDER

concludes the record is sufficiently developed and oral argument is unnecessary.

For the reasons that follow, the Court **GRANTS** Defendant's Motion and **AWARDS** costs to Defendant in the amount of **$4,695.20**.

## BACKGROUND

Plaintiff filed a Complaint in this Court in which she alleges Defendant failed to accommodate her disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(5)(a), and the Oregon counterpart to the ADA (referred to hereinafter as OADA), Oregon Revised Statutes §§ 659A.112 and 659A.118.

On January 12, 2018, Defendant filed its Motion for Summary Judgment as to each of Plaintiff's claims.

On April 12, 2018, the Court issued an Opinion and Order (#45) in which it granted Defendant's Motion and entered Judgment (#46) dismissing Plaintiff's Complaint with prejudice.

On April 25, 2018, Defendant filed a Bill of Costs (#47) and seeks costs in the amount of $4,695.20.[1]

On May 9, 2018, Plaintiff filed Objections (#51) to Defendant's Bill of Costs.

## STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless

---

[1] Defendant initially sought costs of $5,603.73, but Defendant conceded in its Reply (#53) that this amount should be reduced by $908.53 for items not recoverable.

a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This rule creates a presumption in favor of awarding costs to a prevailing party; *i.e.*, "the losing party must show why costs should not be awarded" in any particular case. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove*

*v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). The district court has discretion to refuse to award costs, but it must provide specific reasons for doing so. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014)(citing *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000)(*en banc*)).

**DISCUSSION**

Plaintiff requests the Court to defer ruling on Defendant's Bill of Costs pending resolution of Plaintiff's appeal to the Ninth Circuit. In the alternative, Plaintiff contends the Court should deny Defendant's Bill of Costs based on the "chilling effect" of such an award and the economic disparity of the parties. Plaintiff also contends specific items of Defendant's Bill of Costs are not recoverable.

**I. Deferral of Ruling Pending Appeal**

The Court has the responsibility to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court is unaware of any authority suggesting that responsibility does not apply to resolution of both the merits of Plaintiff's claim and also to the resolution of Defendant's presumptive right to recover costs when it is the prevailing party. Nonetheless, the Advisory Committee Notes to Federal Rule of Civil Procedure 54(d), which governs the resolution of motions for attorneys' fees and bills of cost, indicate if an appeal on the merits of a case is taken,

"the trial court has discretion to rule on a claim for fees, defer its ruling, or deny the motion without prejudice" and to set a new period for filing after the appeal has been resolved.

As noted, the Rule creates a strong presumption in favor of awarding costs to the prevailing party. Fed. R. Civ. P. 54(d)(1)("costs . . . should be allowed to the prevailing party").

Accordingly, in the exercise of its discretion, the Court denies Plaintiff's request to defer ruling on this issue.[2]

## II. Award of Costs

As noted, Plaintiff urges the Court to deny Defendant's request for costs based on the "chilling effect" of such an award and the economic disparity of the parties.

### A. The Law

Although Rule 54 creates a presumption in favor of awarding costs to a prevailing party, the district court has the discretion to refuse to award costs. *Ass'n of Mexican–Am. Educators*, 231 F.3d at 590. As noted, however, the court's discretion is not unlimited, and the court must "specify reasons" for its refusal to award costs. *Id.* (citing *Subscription Television, Inc. v. So. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

In *Escriba* the Ninth Circuit provided five appropriate

---

[2] The Court notes that if Plaintiff does appeal, it will be most cost-effective for the court of appeals to have all issues before it.

reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." 743 F.3d at 1247-48. These reasons provide "a starting point for the analysis," and the losing party does not need to establish all five factors for a court to deny costs. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016)(citing *Escriba*, 473 F.3d at 1248).

**B. "Chilling Effect" of Awarding Costs to Defendant**

In her Response Plaintiff contends she raised important issues relating to the scope of Defendant's obligation to engage in a good-faith interactive process as part of reasonably accommodating Plaintiff, and, therefore, the Court should not award costs to Defendant. Defendant, in response, contends Plaintiff did not raise an issue of such "substantial public importance" to warrant denying costs to Defendant.

In *Stanley v. University of Southern California* the Ninth Circuit held the district court abused its discretion when it denied the losing plaintiff's motion in a civil-rights case to re-tax costs without considering the plaintiff's indigency and the "chilling effect" of imposing such high costs on future civil-rights litigants. 178 F.3d 1069, 1079-80 (9th Cir. 1999). The court noted the plaintiff raised "important issues and that the answers were far from obvious." *Id.* at 1090. The court also

noted civil-rights litigants who are willing to "test the boundaries of our laws" are essential to the progress of that area of law. *Id.*

Here Plaintiff alleged she was a qualified individual with a disability and that Defendant failed to engage in the interactive process to reasonably accommodate her. This Court concluded Plaintiff failed to show that she had a qualifying disability, and, therefore, Defendant did not have an obligation to engage in the interactive process. Here, Plaintiff's claim was, in this Court's experience, typical of ADA failure-to-accommodate claims and did not "test the boundaries of the law" on this routine issue.

On this record the Court concludes this factor does not support denying costs to the prevailing-party Defendant.

### C. Economic Disparity of the Parties

Plaintiff also contends the economic disparity of the parties supports a denial of an award of costs to Defendant. Plaintiff asserts she suffered "significant economic losses at the hands of [Defendant]" despite the Court's conclusion that Defendant did not act unlawfully.

A plaintiff's financial status is an appropriate consideration when determining whether to award costs to a prevailing defendant. *Escriba*, 743 F.3d at 1248. When conducting this inquiry a district court generally looks at the plaintiff's employment status, income, assets, and debts. *Powell v. Adlerhorst Int'l., Inc.*, No. 3:14-cv-01827-MO, 2017 WL

1371269, at *2 (D. Or. Apr. 12, 2017).  A court may deny costs
"when a plaintiff 'would be rendered indigent should she be
forced to pay' the amount assessed."  *Escriba*, 743 F.3d at 1248
(quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th
Cir. 1999)).

It is clear that there is economic disparity between
Plaintiff and Defendant.  Economic disparity, however, is
inherent in employment cases because employers generally have
greater resources than their individual employees.  To recognize
this disparity without more as constituting an exception to the
presumption that the prevailing party is entitled to an award of
costs would render the presumption meaningless and likely
eliminate any award of costs to employers in virtually every
case.  *Redwind v. W. Union, LLC*, No. 3:14-CV-01699-AC, 2017 WL
1025184, at *5 (D. Or. Mar. 16, 2017).

Moreover, Plaintiff has not submitted any evidence
regarding her debts or assets or that show she would be
"indigent" if the Court awarded costs to Defendant.  In fact, the
record reflects Plaintiff is currently employed in a position
similar to the position she held with Defendant and earns
approximately $75,000 per year.

On this record the Court concludes Plaintiff has not
established circumstances sufficient to rebut the presumption in
favor of awarding costs as to this factor.

### D. Defendant's Costs for Specific Items

Finally, Plaintiff contends specific items included in

Defendant's Bill of Costs are not recoverable.  In its Reply
Defendant acknowledges $908.53 should be deducted, and,
therefore, Defendant now seeks costs of only $4,695.20.[3]

The Court has reviewed all of the remaining items
listed in Defendant's Bill of Costs and concludes they are
properly recoverable under § 1920.  Thus, the Court awards
Defendant costs in the amount of $4,695.20.

**CONCLUSION**

For these reasons, the Court **ALLOWS** Defendant's Bill of
Costs (#47) and **AWARDS** costs to Defendant in the amount of
**$4,695.20**.

IT IS SO ORDERED.

DATED this 30th day of May, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge

---

[3]  In its Reply Defendant also conceded a mathematical error
in its Memo in Support of it Motion for Costs that incorrectly
requested costs of $7,346.82.